### Kirsten Marie TURNER

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted June 28, 2002.

Decided Aug. 23, 2002.

Marc A. Werlinsky and Timothy P. Wile, Asst. Counsel In–Charge, King of Prussia, for appellant.

Robert M. Rosenblum, Stroudsburg, for appellee.

Before FRIEDMAN, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals from the order of the Court of Common Pleas of Wayne County (trial court) which granted Kristen Marie Turner's (Turner) appeal and relieved her of any obligation to comply with the Pennsylvania Ignition Interlock Law. We affirm.

On June 17, 2000, Turner was arrested for driving under the influence of alcohol (DUI) in violation of Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731. Turner accepted the accelerated rehabilitative disposition (ARD). On December 27, 2000 Turner was notified by the Department of a 30–day suspension of her operating privilege in accordance with 75 Pa.C.S. § 3731(e)(6)(ii). Turner served that suspension and her operating privilege was restored on January 21, 2001.

On December 20, 2000, Turner was arrested a second time for DUI in violation of Section 3731 of the Vehicle Code. On August 21, 2001, Turner was convicted and given the mandatory one-year operating privilege suspension. The trial court did not order the installation of an ignition interlock system on her vehicles. On September 17, 2001, the Department notified Turner of the one-year suspension and that she was required by law to have all vehicles owned by her to be equipped with an ignition interlock system in order for her operating privilege to be restored at the end of that period, and if she failed to comply with this requirement, her operating privilege would remain suspended for an additional year.

Turner appealed challenging only the interlock requirement and not the suspension of her operating privilege. On December 17, 2001, the trial court held a *de novo* hearing at which the Department argued that the trial court did not have jurisdiction to entertain the interlock challenge. The trial court granted Turner's appeal and found that the interlock statute was unconstitutional.[1] The Department appeals to our Court.[2]

On appeal the Department contends that the trial court does not have jurisdiction over a driver's challenge to the interlock restoration requirement in a statutory suspension appeal, that the ignition interlock requirement does not violate the constitutional guarantees of equal protection and due process of law or the separation of powers doctrine and that the Department has an independent mandate to require that a repeat DUI offender comply with the ignition interlock law where a court fails or refuses to comply with the statutory mandate that it order the interlock installation.

---

[1]. The Department should have appealed the trial court's decision directly to our Supreme Court pursuant to Section 722(7) of the Judicial Code. In light of the failure of either party to raise the issue and in light of the need for judicial economy, our Court will address the issues in this appeal.

[2]. Our review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court has committed an error of law or and abuse of discretion. *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002).

First, the Department again argues that the imposition of an ignition interlock system is not reviewable by a trial court in an appeal brought under Section 1550(a) of the Vehicle Code. This argument is premised on the Department's contention that the imposition of the ignition interlock system is not a continuation of a suspension of driving privileges, but rather it is simply a condition for restoration thereof. The Court rejected this argument in *Schneider v. Department of Transportation, Bureau of Driver Licensing*, 790 A.2d 363 (Pa. Cmwlth.2002), and held that the imposition of an ignition interlock system is reviewable by the trial court in a Section 1550(a) appeal.

Next, the Department argues that the ignition interlock requirement does not violate the constitutional guarantees of equal protection and due process of law or the separation of powers doctrine.[3] We agree.

Section 7002 of the Judicial Code (Code), 42 Pa.C.S. § 7002 provides in pertinent part as follows:

(b) Second or subsequent offense.—In addition to any other requirements imposed by the court, where a person has been convicted of a second or subsequent violation of 75 Pa.C.S. § 3731, the court shall order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by the department. A record shall be submitted to the department when the court has ordered the installation of an approved interlock ignition device. Before the department may restore such person's operating privilege, the department must receive a certification from the court that the ignition interlock system has been installed.

Section 7003 of the Code provides that:

In addition to any other requirements established for the restoration of a person's operating privileges under 75 Pa. C.S. § 1548 (relating to requirements for driving under influence offenders):

(1) Where a person's operating privileges are suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance), or a similar out-of-State offense, and the person seeks a restoration of operating privileges, the court shall certify to the department that each motor vehicle owned by the person has been equipped with an approved ignition interlock system.

. . .

(5) A person whose operating privilege is suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 or a similar out-of-State offense who does not apply for an ignition interlock restricted license shall not be eligible to apply for the restoration of operating privileges for an additional year after otherwise being eligible for restoration under paragraph (1).

The Superior Court, in *Commonwealth v. Etheredge*, 794 A.2d 391 (Pa.Super.2002), held that Act 63 does not violate the constitutional guarantees of equal protection and due process. The Superior Court reasoned as follows:

Because the statutory scheme involves regulations of operating privileges, a rational basis standard is applicable here. In applying the rational basis test, we must first determine whether the statute in question seeks to promote any legiti-

---

**3.** We note that the constitutionality of Act 63 of 2000 is currently under review by our Supreme Court. *Commonwealth v. Young,* 89 WAP 2001 (Pa.2001).

mate state interest or public value. If so, we must next determine whether the classification adopted in the legislation is reasonably related to accomplishing that articulated state interest or interests.

Clearly, the statute requiring the installation of ignition interlock systems for persons convicted of DUI clearly seeks to promote the compelling interest of protecting our citizens, and the citizens of our sister states, from the dangers posed by Pennsylvania-licensed intoxicated drivers.... We believe requiring this classification of DUI offenders to install ignition interlock devices into cars they own is undoubtedly reasonably related to accomplishing the objective here, which is to promote public safety by keeping intoxicated drivers off of the roads.

We understand that ignition interlock systems are not portable, and they must be installed in each appropriate vehicle. We find that it is entirely rational that the statute in question here directs that interlock devices be installed in those vehicles over which the offender possesses an ownership interest, and are those vehicles which the offender is most likely to drive.... We therefore find there is a rational basis for the classifications set forth in Act 63, and that this statute does not violate the equal protection clause of either our federal or state constitution.

Finally, Appellant argues that the statute in question is unconstitutional on the basis that it does not afford Appellant procedural due process. We are unpersuaded by Appellant's brief argument in support of her position and we find this issue unworthy of further review or discussion.

*Id.* at 397. We add further that Turner was accorded procedural due process upon being served with notice of the Depart-ment's action and having a *de novo* hearing on the merits. Turner did not contend that the notice was insufficient or that she did not have a full and fair hearing.

■ The Separation of Powers doctrine is not violated by the requirement that the court certify to the Department a DUI offender's compliance with the ignition interlock requirement in 42 Pa.C.S. §§ 7002(b) and 7003. The separation of powers doctrine is based upon the recognition that the powers of the judicial, legislative and executive branches of government are "coequal and distinct" from one another and "as such should be kept separate, distinct and independent of one another." *Commonwealth v. Morris,* 565 Pa. 1, 26–27, 771 A.2d 721, 736 (2001). Power is the ability of a decisionmaking body to order or effect a certain result. *Id.*

The ignition interlock law states that the trial court is to impose the ignition interlock system on repeat DUI offenders. Once the offender is ordered to install the ignition interlock system, the offender must install the system and the court must certify such installation to the Department so that the Department may reinstate the offender's operating privilege. The trial court's action of certifying an offender's compliance with a mandatory condition of restoration of his operating privilege is connected with the functions of the trial court.

The ignition interlock law is not the only instance where the trial court is required by the General Assembly to report a defendant's compliance with a condition of restoration of his operating privilege. 75 Pa.C.S. § 1548(f) states as follows:

Court-ordered intervention or treatment.—A record shall be submitted to the department as to whether the court did or did not order a defendant to attend a program of supervised individual or group counseling treatment or su-

pervised inpatient or outpatient treatment. If the court orders treatment, **a report shall be forwarded to the department as to whether the defendant successfully completed the program.** If a defendant fails to successfully complete a program of treatment as ordered by the court, **the suspension shall remain in effect until the department is notified by the court that the defendant has successfully completed treatment and the defendant is otherwise eligible for restoration of his operating privilege.** In order to implement the record-keeping requirements of this section, the department and the court shall work together to exchange pertinent information about a defendant's case, including attendance and completion of treatment or failure to complete treatment. (Emphasis added).

As this is a normal function of the court which does not cross over into the distinct and independent powers of another branch of government, it does not violate the separation of powers doctrine. However, even though we have found that the ignition interlock law is constitutional, we remain unable to reverse the trial court's decision based upon our findings regarding the next issue.

■ Finally, we will address the Department's contention that they have an independent mandate to require that a repeat DUI offender comply with the ignition interlock law where a court fails or refuses to comply with the statutory mandate that it order the interlock installation. The failure of the trial court to order the installation of the ignition interlock device does not give the Department the authority to override the trial court's order and require installation. Our Court addressed this issue in *Schneider* as follows:

> Section 7002 provides that only "the court shall order the installation of an approved ignition interlock device...." 42 Pa.C.S. § 7002(b). Because this provision gives a court the sole authority, PennDOT has no unilateral authority to impose ignition interlock device requirements if the trial court fails to do so. If the trial court fails to impose this requirement in a criminal proceeding, the district attorney can appeal the trial court's failure to do so as it would if the trial court failed to impose any other mandatory sentence.

*Id.* at 366–67. Thus, the Department is not permitted to override the trial court's order and require the installation of the ignition interlock device.

In the present controversy, the trial court did not order the installation of the ignition interlock system and the Department did not appeal from that order. Accordingly, Turner was not ordered by the trial court to install the ignition interlock system and therefore, we must affirm the trial court.

## *ORDER*

AND NOW, this 23rd day of August, 2002 the order of the Court of Common Pleas of Wayne County which granted Kristen Marie Turner's appeal and relieved her of any obligation to comply with the Pennsylvania Ignition Interlock Law is affirmed.