**Keith R. WATTERSON**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 2002.

Decided Feb. 7, 2003.

Timothy P. Wile, Asst. Counsel In Charge, Harrisburg, for appellant.

P.J. Redmond, West Chester, for appellee.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge and COHN, Judge.

OPINION BY President Judge COLINS.[1]

The Department of Transportation, Bureau of Driver Licensing appeals from an order of the Court of Common Pleas of Chester County that denied the Bureau's motion to quash the statutory appeal of Keith R. Watterson and sustained Watterson's appeal from the Bureau's requirement that he place an ignition interlock on all vehicles he owns before it will restore his license. We affirm the trial court.

Watterson's operating privilege was suspended for three months on July 23, 1991, as a condition of his acceptance of accelerated rehabilitative disposition after he was charged with driving under the influence on March 12, 1991. Watterson's license was subsequently suspended for one year after he was convicted of driving under the influence on January 23, 2001. The trial court did not order Watterson to install an ignition interlock device as required by Section 7002(b) of the Judicial Code, 42 Pa.C.S. § 7002(b).[2] The Department, however, in a notice dated April 13, 2001, notified Watterson that, in addition to the one-year suspension of his operating privileges, he was required to install ignition interlock devices on all vehicles he owned before the Department would restore his operating privileges.

---

**1.** This case was assigned to this author on October 4, 2002.

**2.** Section 7002(b) provides:

Second or subsequent offense.—In addition to any other requirements imposed by the court, where a person has been convicted of a

On February 28, 2002, Watterson filed an appeal from the Department's refusal to restore his license until he had complied with the Department's ignition interlock requirement. At the hearing before the trial court, the Department moved to quash the appeal on the grounds that it was untimely because, according to the Department, Watterson should have appealed as soon as he received the notice of suspension sent on April 13, 2001. Watterson claimed that he did not receive that notice because he had moved before he was sentenced for the January 23, 2001 conviction. The Department countered that it had processed a change of address for Watterson on January 11, 2001. The trial court did not decide the issue of timeliness, but instead denied the motion to quash on the grounds that only the trial court has the authority to impose the ignition interlock requirement and that the Department cannot impose it absent a court order. *Schneider v. Department of Transportation, Bureau of Driver Licensing*, 790 A.2d 363 (Pa.Cmwlth.2002). The Department brought this appeal.

The questions the Department presents for our review are whether the trial court erred when it denied the Department's motion to quash the appeal as untimely and whether the Department has an independent mandate to impose the ignition interlock requirement where it is not ordered by a court of common pleas.[3]

■ We find no error in the trial court's *nunc pro tunc* consideration of the merits of Watterson's appeal, even though it may have been untimely, because, as we explain below, the requirement imposed on Watterson was imposed without the authority of the law and was void *ab initio;* equitable relief, if necessary, is appropriate in such an extraordinary circumstance. *Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156 (2001).

■ We find that the trial court acted correctly in relying on *Schneider* to strike the ignition interlock requirement imposed on Watterson by the Department. In *Schneider,* we considered the case of a motorist who had been convicted of a second DUI offense where the court did not impose an ignition interlock requirement, but the where the Department had attempted to impose it independently. The facts are the same in the case before us. In deciding *Schneider* we said

Although Schneider had two DUI offenses and pursuant to Section 7002(b), the trial court was required to order installation of an ignition interlock device, that failure does not mean that PennDOT has been given authority to override the trial court's order and require installation. Section 7002 provides that only "the court shall order the installation of an approved ignition interlock device...." 42 Pa.C.S. § 7002(b).

---

second or subsequent violation of 75 Pa.C.S. § 3731, the court shall order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by the department. A record shall be submitted to the department when the court has ordered the installation of an approved interlock ignition device. Before the department may restore such person's operating privilege, the department must receive a

certification from the court that the ignition interlock system has been installed.

3. Our standard of review is limited to determining whether the necessary findings are supported by the evidence or whether the trial court committed an error of law or abused its discretion. *Todd v. Department of Transportation, Bureau of Driver Licensing,* 555 Pa. 193, 723 A.2d 655 (1999).

Because this provision gives a court the sole authority, PennDOT has no unilateral authority to impose ignition interlock device requirements if the trial court fails to do so.

790 A.2d at 366 (footnote and emphasis omitted).

The Department argues that 42 Pa.C.S. § 7003 gives it the independent authority to impose the ignition interlock requirement. We disagree. The ignition interlock requirement may only be imposed by an order of the court of common pleas, *Schneider.* The Department lacks the power to act pursuant to Section 7003[4] absent a court order issued pursuant to Section 7002. The Department lacked the power to impose the interlock requirement in this matter because the court of common pleas never entered an order that would allow it to act. The Department's requirement is void *ab initio.*

Accordingly, the order of the Court of Common Pleas of Chester County in this matter is affirmed.

**4. § 7003. Additional driver's license restoration requirements**

In addition to any other requirements established for the restoration of a person's operating privileges under 75 Pa.C.S. § 1548 (relating to requirements for driving under influence offenders):

(1) Where a person's operating privileges are suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance), or a similar out-of-State offense, and the person seeks a restoration of operating privileges, the court shall certify to the department that each motor vehicle owned by the person has been equipped with an approved ignition interlock system.

(2) A person seeking restoration of operating privileges shall apply to the department for an ignition interlock restricted license under 75 Pa.C.S. § 1951(d) (relating to driver's license and learner's permit) which will be clearly marked to restrict the person to operating only motor vehicles equipped with an approved interlock ignition system.

*ORDER*

AND NOW, this 7th day of February 2003, the order of the Court of Common Pleas of Chester County in this matter is affirmed.

Dissenting opinion by Judge COHN.

**DISSENTING OPINION BY Judge COHN.**

Respectfully, I dissent. My view requires me to restate the facts in detail.

On July 23, 1991, Keith R. Watterson's (Licensee) operating privilege was suspended for three months as a condition of his acceptance into an accelerated rehabilitative disposition program due to a charge of driving under the influence (DUI) on March 12, 1991, in violation of Section 3731(a) of the Vehicle Code, 75 Pa.C.S. § 3731(a). On August 29, 2000, he was again arrested for DUI, and was subsequently convicted on January 23, 2001.

(3) During the year immediately following restoration of the person's operating privilege and thereafter until the person obtains an unrestricted license, the person shall not operate any motor vehicle on a highway within this Commonwealth unless the motor vehicle is equipped with an approved ignition interlock system.

(4) One year from the date of issuance of an ignition interlock restricted license under this section, if otherwise eligible, a person may apply for an additional replacement license under 75 Pa.C.S. § 1951(d) that does not contain the ignition interlock system restriction.

(5) A person whose operating privilege is suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 or a similar out-of-State offense who does not apply for an ignition interlock restricted license shall not be eligible to apply for the restoration of operating privileges for an additional year after otherwise being eligible for restoration under paragraph (1).

He completed the one-year suspension mandated by Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3). The Common Pleas Court, however, did not order the installation of an ignition interlock device as a condition to the restoration of Licensee's operating privilege.

In a suspension notice dated April 13, 2001, the Department of Transportation, Bureau of Driver Licensing (Bureau), notified Licensee that, as a consequence of his DUI conviction on January 23, 2001, his operating privilege was being suspended for one year, effective January 23, 2001. That same notice also stated:

> As a result of your conviction for driving under the influence, you are required by law to have all vehicle(s) owned by you equipped with an approved ignition interlock system before your driving privilege can be restored. If you fail to comply with this requirement, your driving privilege will remain suspended for an additional year. You will receive more information regarding this requirement approximately 30 days before your eligibility date.[1]

(Certified Record, Commonwealth's Exhibit # 1.)

On January 11, 2002, the Bureau processed a change of address form for Licensee. At that time, the Bureau advised Licensee that his request for restoration of his operating privilege could not be processed because he was still in prison. There was no mention in the letter as to any requirement for an interlock device.

On February 28, 2002, Licensee filed an appeal from the refusal to restore his license, which his counsel characterized as imposition of a condition that he be required to install an interlock system on his vehicle. (N.T. 3.) He did not challenge the initial one-year suspension; indeed, it had already been served. At the hearing, the Bureau's counsel moved to quash the appeal as untimely. He argued that the appealable order was the one mailed April 13, 2001, and that an appeal in February 2002 was well beyond the thirty-day appeal period. In support of its motion to quash, the Bureau had admitted into evidence documents certified under seal from the Secretary of Transportation and the Director of the Bureau, including the April 13, 2001 notice of suspension that had been sent to Licensee and had informed him of the requirement of an ignition interlock.

Licensee's counsel asserted that Licensee did not receive the April 13, 2001 notice of suspension since he had moved before he was sentenced on the latest DUI offense. When Licensee's counsel argued that Licensee had changed his address fourteen months previously (N.T. 3–4), counsel for the Bureau directed the trial court's attention to the documents that showed that the Bureau processed a change of address on January 11, 2002.

---

1. Section 7002(b) of the Judicial Code, 42 Pa.C.S. § 7002(b), provides:

> In addition to any other requirements imposed by the court, where a person has been convicted of a second or subsequent violation of 75 Pa.C.S. § 3731, the court **shall** order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by the department. A record shall be submitted to the department when the court has ordered the installation of an approved interlock ignition device. Before the department may restore such person's operating privilege, the department must receive a certification from the court that the ignition interlock system has been installed.

(Emphasis added.)

Although the trial judge gave Licensee an opportunity to testify that he had changed his address with the Bureau on a date prior to January 11, 2002, Licensee's counsel did not put his client on the stand. (N.T. 4).

The trial court, however, denied the motion to quash, apparently because it believed that the Bureau's action violated *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002). In that opinion, this Court held that under the Interlock Law, only a trial court has authority under Section 1532(b)(3) to impose the ignition interlock requirement and that the Bureau has no authority to do so. Based on that holding, the trial court concluded that the Bureau's action was void.[2] Thus, the question the trial court was faced with is whether one waives the right to challenge an order that the court believes is void where no timely appeal is taken from that order.[3]

On the merits, the trial court ruled in favor of Licensee on the basis *Schneider* was controlling precedent. The Bureau appealed to this Court.

On appeal, the Bureau asserts that the trial court erred in denying the motion to quash on the basis the appeal was untimely. I begin with the notion that, under *Schneider,* the Bureau's action was void for want of authority since that was the basis for the denial of the motion to quash.

Careful review of the Bureau's April 13 notice reveals that it did two things. First, it clearly suspended Licensee's operating privilege for one year. That action is not, in any way, challenged here. In addition, however, the notice indicates that *if* Licensee fails to comply with the requirement to have any vehicle owned by him equipped with an approved ignition interlock system, his driving privilege cannot be restored and he will suffer an additional one year suspension. This language can best be viewed as conditioning restoration of the operating privilege upon future activities. In a similar situation, we held that a notice that conditioned possible vehicle registration suspension on a future failure to provide proof of financial responsibility regarding automobile insurance coverage was not a final appealable order and, thus, vacated a trial court order affirming the suspension action taken by the Bureau of Motor Vehicles, as the Bureau was then titled. *Department of Transportation, Bureau of Motor Vehicles v. Andrews,* 143 Pa.Cmwlth. 601, 600 A.2d 622 (1991). We noted in *Andrews* that finality of an order is a jurisdictional matter and that we were, therefore, obligated to raise it *sua sponte. Id.* at 624 n. 4. Although "final order" is now defined by appellate rule[4] and at the time *Andrews* was decided it was defined by case law, I think that the result is the same. The order issued on April 13, concerning the one-year suspension, could not, in my view, operate at that time to deny, conditionally, reinstate-

---

**2.** According to *Black's Law Dictionary,* 1568 (7th ed.1999), when something is "void" it is "[o]f no legal effect; null." Case law is well settled that where there is no authority to act, an order is void. *See, e.g., Commonwealth of Pennsylvania ex rel. Pennsylvania Securities Commission v. Allamanda Investment Co.,* 37 Pa.Cmwlth. 33, 388 A.2d 1141 (1978).

**3.** As the trial court phrased it, "I can't see how a party has the duty to timely appeal from an act that you [the Bureau] are not authorized to do in the first instance." (N.T. 6.)

**4.** Pa. R.A.P. 341(b)(1) defines a "final order" as one that "disposes of all claims and of all parties...."

ment. Phrased differently, the Bureau could not finally dispose of the claim of Licensee's right to reinstatement of operating privileges based on possible future events. Therefore, because I conclude that the order, as to the refusal to reinstate, was not final, the trial court lacked jurisdiction to decide the matter before it; because appeals to it, absent a specific statute to the contrary, or leave to appeal an interlocutory order, must be from final orders. Section 933(a) of the Judicial Code, 42 Pa.C.S. § 933(a) ("each court of common pleas shall have jurisdiction of appeal from final orders of governmental agencies ..."). Accordingly, I conclude, as the Court did in *Andrews*, that the trial court's order was void for lack of jurisdiction and its order should be vacated.

But, while the Common Pleas Court's order may be void, the Bureau has not issued an order at all. Therefore, in my view, it should be directed to issue an order with regard to Licensee's request for restoration. Should it refuse to restore the license, that order could be appealed by Licensee to the trial court under Section 933 of the Judicial Code within 30 days of its mailing date in accordance with Section 1550(a) of the Vehicle Code, 42 Pa.C.S. § 1550(a). The issue in that appeal would be whether the Bureau erred in refusing to restore the license for an additional year where the licensee did not apply for an ignition interlock restricted license and the trial court had not ordered an ignition interlock device to be installed.

I also feel that the nature of these proceedings requires us to address the *Schneider* case and its progeny because of what I believe was a mistaken assumption that the Bureau's action was void based upon the holding in that case. Hence, I will do so. The trial court believed that

*Schneider* stood for the proposition that the Bureau could not refuse to restore operating privileges of a multiple DUI offender in a case where the criminal court had not entered an order requiring that an interlock system be put on a licensee's vehicle; therefore, its refusal to restore License's operating privilege at the end of the first year suspension was a void act. The Bureau maintains, however, that it has an *independent* mandate under Section 7003(5) of the Judicial Code, 42 Pa. C.S. § 7003, to refuse to restore operating privileges for an additional year where the licensee does not apply for an interlock restricted license. That is an issue not decided in *Schneider* or its progeny. Section 7003 of the Judicial Code states:

**Additional driver's license restoration requirements**

In addition to any other requirements established for the restoration of a person's operating privileges under 75 Pa. C.S. § 1548 (relating to requirements for driving under influence offenders):

(1) Where a person's operating privileges are suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance), or a similar out-of-State offense, and the person seeks a restoration of operating privileges, the court shall certify to the department that each motor vehicle owned by the person has been equipped with an approved ignition interlock system.

(2) A person seeking restoration of operating privileges shall apply to the department for an ignition interlock restricted license under 75 Pa.C.S. § 1951(d) (relating to driver's license and learner's permit) which will be clearly marked to restrict the person to

operating only motor vehicles equipped with an approved interlock ignition system.

(3) During the year immediately following restoration of the person's operating privilege and thereafter until the person obtains an unrestricted license, the person shall not operate any motor vehicle on a highway within this Commonwealth unless the motor vehicle is equipped with an approved ignition interlock system.

(4) One year from the date of issuance of an ignition interlock restricted license under this section, if otherwise eligible, a person may apply for an additional replacement license under 75 Pa. C.S. § 1951(d) that does not contain the ignition interlock system restriction.

**(5) A person whose operating privilege is suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 or a similar out-of-State offense who does not apply for an ignition interlock restricted license shall not be eligible to apply for the restoration of operating privileges for an additional year after otherwise being eligible for restoration under paragraph (1).**

(Emphasis added.)

It is imperative to recognize that, while the trial court is mandated under Section 7002 to order the ignition interlock system in a case where there is a one-year suspension for two or more convictions for DUI, it is the ***Bureau*** who is mandated to refuse to restore operating privileges for an additional year where this is not done. What *Schneider* said is that the Bureau has no authority under Section 1532(b)(3) to demand that the ignition interlock be installed or to demand that the trial court issue an order to that effect.[5] As I read *Schneider*, the Court never said that the Bureau could not refuse to restore operating privileges for an additional year under Section 7003(5) where licensee does not apply for an ignition interlock restricted license. The Bureau's action under this Section is separate from and is not dependent upon whether the trial court has ordered the installation of the interlock device. Indeed, under Section 7003 of the Judicial Code, Licensee is not eligible for restoration of operating privileges unless he has applied for an interlock restricted license, and the Bureau has a non-discretionary ***duty*** to refuse restoration of the license for one additional year. That is simply what the Bureau seeks to do here. By prohibiting it from doing so, the majority is re-writing, by judicial fiat, an explicit statutory directive, an act the Court is not permitted to do.[6] Therefore, in my view, the trial court erred when it concluded

---

**5.** We wrote, "PennDOT claims it has an independent mandate from the General Assembly to ensure that the device is installed ... Although ... the trial court was required to order installation of an ignition interlock device ... that failure does not mean that PennDOT has been given authority to override the trial court's order and require installation.... PennDOT has no unilateral authority to impose ignition interlock device requirements if the trial court fails to do so." *Schneider*, 790 A.2d at 366 (footnote omitted). *Accord Turner v. Department of Transportation, Bureau of Driver Licensing*, 805 A.2d 671 (Pa.Cmwlth. 2002).

**6.** *Giacobello v. Board of Elections*, 14 Pa. Cmwlth. 376, 322 A.2d 429 (1974) (for a court to rewrite a portion of a statute is "to erode the effect of the statutory provision by an unwarranted invasion by the judiciary into the legislative field.") I note, additionally, that one seeking a driver's license must apply to the Bureau, Section 1506 of the Vehicle Code, 75 Pa.C.S. § 1506, and further that the Bureau is prohibited from issuing or renewing a driver's license to anyone whose operating privilege is suspended or revoked. Section 1503 of the Vehicle Code, 75 Pa.C.S. § 1503.

that the Bureau's action was void under *Schneider.*