**Steven R. PARKS, II,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 17, 2003.

Decided April 4, 2003.

---

Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Paul Bradford Orr, Carlisle, for appellee.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, FLAHERTY, Senior Judge.

OPINION By Senior Judge
FLAHERTY.

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals from the order of the Court of Common Pleas of Cumberland County (trial court) which sustained the appeal of Steven R. Parks, II (Parks) and relieved him of any obligation to comply with the Pennsylvania Ignition Interlock Law. We affirm.

On April 29, 2000, Parks was arrested for driving under the influence of alcohol (DUI) in violation of Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731. Parks accepted the accelerated rehabilitative disposition (ARD). On October 18, 2000, Parks was notified by the Department of a six-month suspension of his operating privilege in accordance with 75 Pa.C.S. § 3731(e)(6)(ii). Parks served that suspension and his operating privilege was restored on April 6, 2001.

On May 27, 2001, Parks was arrested a second time for DUI in violation of Section 3731 of the Vehicle Code. On January 8, 2002, Parks was convicted and given the mandatory one-year operating privilege suspension. The trial court did not order the installation of the ignition interlock system on his vehicles. On April 9, 2002, the Department notified Parks of the one-year suspension and that he was required by law to have all vehicles owned by him to be equipped with an ignition interlock system in order for his operating privilege to be restored at the end of that period, and if he failed to comply with this requirement, his operating privilege would remain suspended for an additional year.

Parks appealed challenging only the interlock requirement and not the suspension of his operating privilege. On August 5, 2002, the trial court held a *de novo* hearing at which the Department argued that they have an independent mandate to require that a repeat DUI offender comply with the ignition interlock law where a court fails or refuses to comply with the statutory mandate that it order the interlock installation. The trial court sustained Parks' statutory appeal and relieved him of compliance with the Ignition Interlock Law as a condition precedent to the restoration of his operating privilege. The Department appeals to our Court.[1]

On appeal the Department contends that they have an independent mandate to require that a repeat DUI offender comply with the ignition interlock law where a

[1]. Our review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court has committed an error of law or an abuse of discretion. *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002).

court fails or refuses to comply with the statutory mandate that it order the interlock installation.

The failure of the trial court to order the installation of the ignition interlock device does not give the Department the authority to override the trial court's order and require installation. Our Court addressed this issue in *Schneider* as follows:

> Section 7002 provides that only "the court shall order the installation of an approved ignition interlock device...." 42 Pa.C.S. § 7002(b). Because this provision gives a court the sole authority, PennDOT has no unilateral authority to impose ignition interlock device requirements if the trial court fails to do so. If the trial court fails to impose this requirement in a criminal proceeding, the district attorney can appeal the trial court's failure to do so as it would if the trial court failed to impose any other mandatory sentence.

*Id.* at 366–67. *See also, Turner v. Department of Transportation, Bureau of Driver Licensing,* 805 A.2d 671 (Pa.Cmwlth.2002). Thus, the Department is not permitted to override the trial court's order and require the installation of the ignition interlock device.

In the present controversy, the trial court did not order the installation of the ignition interlock system and the Department did not appeal from that order. Accordingly, Parks was not ordered by the trial court to install the ignition interlock system and therefore, we must affirm the trial court.

### ORDER

AND NOW, this 4th day of April, 2003, the order of the Court of Common Pleas of Cumberland County which sustained the appeal of Steven R. Parks, II and relieved him of any obligation to comply with the Pennsylvania Ignition Interlock Law is affirmed.