**James McGRORY**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 2, 2003.

Decided July 16, 2003.

---

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Richard W. Hoffman, Newtown, for appellee.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from a decision of the Court of Common Pleas of Bucks County that sustained the appeal of James McGrory from the requirement that he install ignition interlock devices on all vehicles that he owned before his operating privileges could be restored. The Department imposed this requirement pursuant to the Act known as the Pennsylvania Ignition Interlock Law, Sections 7001–7003 of the Judicial Code, 42 Pa.C.S. §§ 7001–7003, following McGrory's one-year suspension under Section 1532(b)(3) of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1532(b)(3).

McGrory's suspension resulted from his *eighth* conviction under Section 3731 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 3731, relating to driving under the influence of alcohol (DUI), and fell within the ambit of Section 7002(b) of the Judicial Code, 42 Pa.C.S. § 7002(b), requiring trial courts to order the installation of an ignition interlock system on each motor vehicle owned by repeat DUI offenders, effective upon the restoration of the offenders' operating privileges. The Department contends that it has an independent mandate to enforce ignition interlock requirements upon repeat DUI offenders regardless of the existence of a court order.

On June 28, 2002, the Bucks County Court of Common Pleas convicted McGrory of DUI and ordered the mandatory one-year suspension of his operating privileges, but the court did not order the installation of an ignition interlock system on McGrory's vehicles upon the restoration of his

operating privileges.[1] By notice mailed July 29, 2002, the Department officially notified McGrory that the suspension of his operating privileges was effective as of December 27, 2002 and that in order to restore those privileges he would have to equip his vehicles with an ignition interlock system or remain ineligible for restoration for an additional one-year period pursuant to the Pennsylvania Ignition Interlock Law. On August 21, 2002, McGrory appealed that suspension notice.

██ A de novo hearing was held before Senior Judge Ward F. Clark at which the Department offered into evidence a packet of documents consisting of a certified copy of McGrory's driving history, the July 29, 2002 notice of suspension and the certification of McGrory's underlying DUI conviction. These documents were admitted. The trial court upheld the one-year suspension, but it sustained McGrory's appeal of the ignition interlock requirement based on this Court's decision in *Schneider v. Department of Transportation, Bureau of Driver Licensing*, 790 A.2d 363 (Pa. Cmwlth.2002), *ruling on petition for allowance of appeal reserved* (No. 80 MAL 2002, filed May 9, 2003), in which the Court held that the Department did not have authority to impose the ignition interlock requirement when the trial court's order did not include that requirement.[2]

██ The Department initially argues that it has an independent mandate under Section 7003 of the Judicial Code to impose ignition interlock requirements upon

repeat DUI offenders regardless of whether the trial court ordered installation. The Department acknowledges this Court's contrary holding in *Schneider*, reaffirmed in *Turner v. Department of Transportation, Bureau of Driver Licensing*, 805 A.2d 671 (Pa.Cmwlth.2002), and *Watterson v. Department of Transportation, Bureau of Driver Licensing*, 816 A.2d 1225 (Pa. Cmwlth.2003). Nevertheless, the Court finds merit in the Department's contention that "if ever a case cried out for imposition of the Ignition Interlock requirement, *by someone*, this is that case. McGrory, with *nine* DUIs on his record [should] not be permitted to even start the ignition of a vehicle without first blowing into the interlock instrument to ensure that he is not driving drunk, *again.*" Brief for Appellant, at p. 10.

The relevant provisions at issue in this appeal are set forth below. Section 7002(b) of the Judicial Code provides in part:

**Second or subsequent offense.**—In addition to any other requirements imposed by the court, where a person has been convicted of a second or subsequent violation of 75 Pa.C.S. § 3731, the court shall order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by the department. A record shall be submitted to the department when the court has ordered the installation of an approved ignition

---

1. McGrory was charged nine times with violating Section 3731 of the Vehicle Code, relating to driving under the influence of alcohol or controlled substance, but he was convicted on eight occasions as follows: on October 1, 1980, April 16, 1981, April 30, 1987, August 10, 1989, January 29, 1991, March 15, 1991, January 23, 1993 and June 28, 2002. On August 31, 1978, McGrory was charged with violating Section 3731, but he was accepted

into the Accelerated Rehabilitative Disposition Program for this charge.

2. The Court's review of the trial court's order is limited to determining whether the findings of fact are supported by competent evidence and whether the trial court has committed an error of law or an abuse of its discretion. *Schneider.*

interlock device. Before the department may restore such person's operating privilege, the department must receive a certification from the court that the ignition interlock system has been installed. Section 7003 provides in relevant part as follows:

In addition to any other requirements established for the restoration of a person's operating privileges under 75 Pa. C.S. § 1548 (relating to requirements for driving under influence offenders):

(1) Where a person's operating privileges are suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance), or a similar out-of-State offense, and the person seeks a restoration of operating privileges, the court shall certify to the department that each motor vehicle owned by the person has been equipped with an approved ignition interlock system.

(2) A person seeking restoration of operating privileges shall apply to the department for an ignition interlock restricted license under 75 Pa.C.S. § 1951(d) (relating to driver's license and learner's permit) which will be clearly marked to restrict the person to operating only motor vehicles equipped with an approved ignition interlock system.

(3) During the year immediately following restoration of the person's operating privilege and thereafter until the person obtains an unrestricted license, the person shall not operate any motor vehicle on a highway within this Commonwealth unless the motor vehicle is equipped with an approved ignition interlock system.

As is evident from a review of Section 7002(b), the trial court at the time of sentencing McGrory upon his eighth DUI conviction on June 28, 2002 was under a mandate to require the imposition of an ignition interlock system upon the restoration of McGrory's operating privileges. The Court is at a total loss as to the rationale of the trial court in the DUI proceedings for its failure to order installation of the ignition interlock system in accordance with Section 7002(b) upon a driver convicted eight times of driving under the influence of alcohol or controlled substance. *That provision is unequivocal: it provides that the court shall order the device upon a second or subsequent DUI conviction.*

Were the trial court in the DUI proceedings to have complied with Section 7002(b) at the time of McGrory's sentencing, there would be no need for the Department to seek the imposition of an ignition interlock system upon him, which this Court has held the Department has no independent authority to do absent a court order. The Department, nonetheless, asserts that it is required to violate a clear and unambiguous statutory provision under Section 7003(1) when it fails to enforce that provision and, moreover, that it is vested with broad latitude in regulating driving privileges within the Commonwealth and maintaining the safety of the state's roadways. *See Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000). The Court readily acknowledges the Department's position reiterated in multiple appeals, but it is bound by the holdings in *Schneider* and its progeny.

While the Court fully understands the Department's efforts to prevent McGrory from ever starting an ignition again without first blowing into an interlock device, the Court has held repeatedly in *Schneider, Turner* and *Watterson* that the failure of a trial court to order the installation of an ignition interlock device does not confer automatic authority upon the Department

to "override" the trial court and to require installation. Section 7002(b) provides that only the court shall order the installation of an approved device, and nothing in Section 7003 dictates otherwise. As the trial court properly relied on *Schneider*, reaffirmed by *Turner* and *Watterson*, the Court is compelled to affirm the decision to sustain McGrory's appeal from the ignition interlock requirement.

### ORDER

AND NOW, this 16th day of July, 2003, the order of the Court of Common Pleas of Bucks County is hereby affirmed.