**George MANKIN**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 19, 2003.

Decided March 24, 2004.

Timothy P. Wile, Asst. Counsel In Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: COLINS, President Judge, and LEAVITT, J., and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) from the order of the Court of Common Pleas of Montgomery County (trial court) denying the statutory appeal of George L. Mankin (Licensee) of a one year suspension of his operator's license but sustaining his appeal of PennDOT's directive that Licensee equip all his vehicles with an ignition interlock device.[1]

The facts giving rise to this appeal are not in dispute. On June 14, 2002, Licensee was arrested and charged with driving under the influence (DUI) for the third time.[2] On November 26, 2002, PennDOT sent an official notice to Licensee advising him that as a result of his DUI conviction his driving privilege was being suspended for a period of one year effective October 28,

2002.[3] The notice also advised Licensee that he was required to have all vehicles owned by him equipped with an ignition interlock system and that failure to comply with this requirement would result in the suspension of his license for an additional year.

Licensee filed a timely appeal with the trial court. A hearing *de novo* was held on February 24, 2003, after which the trial court entered an order sustaining the appeal as to the interlock requirement alone and denying Licensee's appeal of the one-year suspension of his operating privileges. The trial court relied upon *Schneider v. Department of Transportation, Bureau of Driver Licensing*, 790 A.2d 363 (Pa. Cmwlth.2002) to hold that the sole authority for ordering the installation of the ignition interlock device is vested with the trial court and, therefore, PennDOT did not have the authority to order Licensee to install an ignition interlock device. The present appeal followed.[4]

PennDOT raises two arguments on appeal. First, PennDOT asserts that it has a mandatory duty, independent from

1. PennDOT imposed the ignition interlock requirement pursuant to the Ignition Interlock Law, 42 Pa.C.S. §§ 7001–7003, which was held unconstitutional in part by *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003), and ultimately repealed by Section 4 of the Act of September 30, 2003, P.L. 120 (Act 24), effective February 1, 2004. As Act 24 was enacted subsequent to the trial court's decision in this matter analysis will reflect the state of the law prior to this legislative enactment.

2. On October 19, 1989, Licensee was arrested and charged with driving under the influence. He was convicted of that DUI charge on March 9, 1990. On December 18, 1993, Licensee was arrested for his second DUI charge and was convicted of the second offense on May 2, 1994. Licensee was convicted of the DUI offense on October 28, 2002, at which time he surrendered his driver's license

to the court. The trial court did not order Licensee to comply with the Ignition Interlock Law upon completion of the one-year suspension mandated by 75 Pa.C.S. § 1532(b)(3).

3. Licensee was convicted of DUI pursuant to the provisions of 75 Pa.C.S. § 3731(a) which was repealed by Section 22 of Act 24, effective February 1, 2004. The current statute relating to driving under the influence of alcohol or drugs can be found at 75 Pa.C.S. §§ 3801–3817.

4. On August 1, 2003 this Court issued a Dormant Order for Failure to File Brief and required Licensee's brief to be filed by August 4, 2003. On September 10, 2003, by Order of this Court Licensee was precluded from filing a brief. The record therefore only contains PennDOT's brief.

the authority of a court, not to restore the operating privilege of a repeat DUI offender unless and until that offender presents certification that he or she has complied with the Ignition Interlock Law. Second, PennDOT contends that the Ignition Interlock Law applied to Licensee even though it was not in effect when his first two DUI convictions occurred.[5]

PennDOT acknowledges that the trial court was bound by this Court's holding in *Schneider*, but it maintains that *Schneider*, which is currently on appeal to the Pennsylvania Supreme Court, was wrongly decided. In the meantime, our Supreme Court recently decided *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003), holding the Ignition Interlock Law to be unconstitutional in part. We must consider the trial court's holding in light of *Mockaitis*.

Prior to *Mockaitis*, this Court held that a licensee's appeal from imposition of an ignition interlock device by PennDOT should be sustained where that requirement had not been imposed by a court order at sentencing. *See, e.g., Watterson v. Department of Transportation, Bureau of Driver Licensing*, 816 A.2d 1225 (Pa. Cmwlth.2003); *McGrory v. Department of Transportation, Bureau of Driver Licensing*, 828 A.2d 506 (Pa.Cmwlth.2003). In *Mockaitis*, our Supreme Court concluded that in the Ignition Interlock Law the legislature delegated executive branch responsibility to the courts of common pleas for regulating the operating privileges of repeat DUI offenders; this delegation was found unconstitutional.[6] Consequently, the Court severed three provisions of the Law; specifically subsection 7002(b),[7] subsection 7003(1),[8] and the last clause of subsection 7003(5),[9] which refers to subsec-

5. The Department's second argument, *i.e.*, whether the Ignition Interlock Law was improperly applied to Licensee because it was not in effect when Licensee was convicted of the first two offenses, was not raised by Licensee before the trial court nor was the issue addressed in the Department's statement of matters complained of on appeal. The issue is not properly before us and will not be addressed by this Court. It is noted that this Court has held that a licensee must have two DUI convictions after the effective date of the Ignition Interlock Law, September 30, 2000, in order for the Law to apply. *Alexander v. Department of Transportation, Bureau of Driver Licensing*, 822 A.2d 92 (Pa.Cmwlth.2003).

6. The Supreme Court opined that delegation to the judiciary of the executive functions of ordering installation of the interlock system as a condition to applying to the Department for a restricted license, verifying compliance, and apprising the Department of the court's determination, impermissibly violates the separation of powers embedded in Pennsylvania's Constitution.

7. 42 Pa.C.S. § 7002(b) provided:
**Second or subsequent offense.** In addition to any other requirements imposed by the court, where a person has been convicted of a second or subsequent violation of 75 Pa. C.S. § 3731, the court shall order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by the department. A record shall be transmitted to the department when the court has ordered the installation of an approved interlock ignition device. Before the department may restore such person's operating privilege, the department must receive a certification from the court that the ignition interlock system has been installed.

8. 42 Pa.C.S. § 7003(1) provided:
Where a person's operating privileges are suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance), or a similar out-of-State offense, and the person seeks a restoration of operating privileges, the court shall certify to the department that each motor vehicle owned by the person has been equipped with an approved ignition interlock system.

9. 42 Pa.C.S. § 7003(5) provided:

tion 7003(1), from the remainder of the Ignition Interlock Law.[10] Nevertheless, the Supreme Court made clear that the statute's ignition interlock requirement was viable and enforceable.[11] It explained that:

> [S]evering those portions of [the Ignition Interlock Law] which effectuate the delegation to the sentencing court of the license restoration-related executive responsibilities of ordering installation of the devices and certifying that they have been installed does not render the remainder of the statute incapable of execution in accordance with legislative intent.... The [Ignition Interlock Law] thus still prevents recidivist DUI offenders from lawfully operating motor vehicles on the highways in Pennsylvania

unless they have an approved limited license and are driving a properly-equipped vehicle.

*Mockaitis,* 575 Pa. at 29, 834 A.2d at 502–503. Under the surviving portion of the Ignition Interlock Law, DUI offenders who seek restoration of their driving privileges must apply to PennDOT for an ignition interlock restricted license.[12] As the Supreme Court noted,

> The Act thus still prevents recidivist DUI offenders from lawfully operating motor vehicles on the highways in Pennsylvania unless they have an approved limited license and are driving a properly equipped vehicle.

*Mockaitis,* 575 Pa. at 29–30, 834 A.2d at 503.

---

A person whose operating privilege is suspended for a second or subsequent violation of 75 Pa.C.S. § 3731 or a similar out-of-State offense who does not apply for an ignition interlock restricted license shall not be eligible to apply for the restoration of operating privileges for an additional year *after otherwise being eligible for restoration under paragraph (1).* (emphasis added)

**10.** Specifically, our Supreme Court opined:
Our separation of powers holding can be effected by severing three provisions of Act 63: subsection 7002(b), which delegates to the court the inter-related tasks of ordering a serial DUI offender to install the devices, apprising the Department of that order, verifying compliance, and certifying compliance to the Department; subsection 7003(1), which provides that, when a recidivist DUI offender seeks restoration of driving privileges, "the court shall certify to the department that each motor vehicle owned by the person has been equipped with an approved ignition interlock system;" and the last clause of subsection 7003(5), which refers back to subsection 7003(1) (*i.e.,* "after otherwise being eligible for restoration under paragraph (1)"). With these provisions severed, the legislation still requires recidivist DUI offenders seeking restoration of driving privileges to apply to the Department for an ignition interlock restricted li-

cense. 42 Pa.C.S. 7003(2). The Act also precludes the offender in possession of such a restricted license form operating any motor vehicle on a highway in the Commonwealth unless that vehicle is equipped with an approved ignition interlock system. *Id.* § 7003(3).
*Mockaitis,* 575 Pa. at 28–29, 834 A.2d at 502–503 (footnote omitted).

**11.** Under Section 4 of Act 24, *see* n. 3 *supra,* the legislature repealed 42 Pa.C.S. §§ 7001–7003, and, under Section 16 of the same Act, gave the Department independent authority to require installation of an ignition interlock device on each motor vehicle owned by or registered to a DUI offender without a court order. *See* 75 Pa.C.S. § 3805.

**12.** 42 Pa.C.S. § 7003(2), prior to its repeal, provided in relevant part:
A person seeking restoration of operating privileges shall apply to the department for an ignition interlock restricted license under 75 Pa.C.S. § 1951(d) (relating to driver's license and learner's permit) which will be clearly marked to restrict the person to operating only motor vehicles equipped with an approved interlock ignition system. *See* 75 Pa.C.S. § 3805(b) for current provisions regarding application for a restricted license.

It is conceivable that an operator with an ignition interlock restricted license could make arrangements for the use of a properly equipped vehicle without installing an interlock device on his own vehicle. The operator might lease or borrow a properly equipped vehicle during the period of the restricted license. Indeed, there are some operators that may not own a registered vehicle but would, nonetheless, be required under the Ignition Interlock Law to drive only a properly equipped vehicle when on the Commonwealth's highways. The Ignition Interlock Law after *Mockaitis* does not require the installation of an ignition interlock device on a specific vehicle. It requires the recidivist DUI licensee to obtain a restricted license from PennDOT as a condition precedent to restoration of driving privileges; that license only permits operation of vehicles equipped with an ignition interlock device.

Accordingly,[13] we affirm the trial court's decision to sustain Licensee's appeal of PennDOT's directive to install an ignition interlock device on each of his vehicles, but on different grounds. However, PennDOT retains the authority to require Licensee to obtain a restricted license upon restoration of his driving privileges after suspension.

President Judge COLINS concurs in the result only.

**ORDER**

AND NOW, this 24th day of March, 2004, the order of the Court of Common Pleas of Montgomery County dated February 24, 2003 is hereby affirmed without prejudice to the Department of Transportation, Bureau of Driver Licensing's authority to issue an ignition interlock restricted license upon restoration of Licensee's driving privileges.

---

**13.** Additionally, this Court notes that PennDOT includes within its brief repeated references to the application of the Ignition Interlock Law to "Boyle's third DUI conviction" and "Denney's conviction for violating 75 Pa. C.S. § 3731(a)." Because neither of these named individuals are before the Court, this Court declines to address how the issues in this appeal relate to their DUI convictions.