626 A.2d 1255

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Douglas W. STOLLSTEIMER, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 9, 1992.

Decided April 27, 1993.

Publication Ordered June 21, 1993.

Marc A. Werlinsky, Timothy P. Wile and David R. White, for appellant.

Richard L. Raymond, for appellee.

DOYLE, Judge.

This is an appeal[1] by the Department of Transportation, Bureau of Driver Licensing (DOT) from an order of the Court of Common Pleas of Delaware County which granted

1. This case was reassigned to the opinion writer on January 11, 1993.

DOT's motion to quash a purported license suspension appeal but directed DOT to reinstate the operating privileges of Douglas Stollsteimer (Licensee) for sixty days so as to allow him to petition DOT for a departmental review to determine the accuracy of his driving record. DOT appeals only the sixty-day reinstatement portion of the order.[2]

On June 25, 1991 Licensee received from DOT a certified copy of his driving record, which was apparently sent to him at his request. Within this document were listed ten different suspensions or revocations which, according to DOT records, constituted Licensee's driving record. The most recent of these was a five year revocation of his driving privileges effective January 6, 1992. Licensee "appealed" to the common pleas court on July 15, 1991 from this document. In his petition to the trial court he alleged that the "said suspensions and/or revocations are improper because Petitioner did not violate the Pennsylvania Motor Vehicle Sections for which he was convicted and suspended or revoked, and further, Petitioner received no notice of any suspensions, revocations, or any notice of any violations to which he failed to respond." In his prayer for relief he asked for a hearing "as provided by Section 1550 of the Vehicle Code," 75 Pa.C.S. § 1550, which Section permits an appeal to the trial court from a DOT order suspending or revoking one's driver's license.

DOT filed a motion to quash the appeal contending (1) Licensee was actually attempting to appeal from the copy of his certified driving record which is not a DOT order, (2) to the extent Licensee was appealing the ten convictions, those appeals were not timely, and (3) Licensee could not appeal from ten separate orders in a single appeal. The trial court granted the motion although neither its order nor its opinion states on which basis it did so. Thereafter, DOT filed an

2. Licensee maintains that because the order reinstates his license for sixty days it is interlocutory. This is incorrect. DOT is challenging the jurisdictional authority of the trial court to act. Since we conclude, as will become apparent, that the trial court lacked subject matter jurisdiction of this case, its order, to the extent it reinstated the license, was void. A void order is not interlocutory; it is a nullity.

appeal with this Court challenging only the sixty-day reinstatement provision.

DOT contends that because Licensee's attempt to appeal the ten convictions was untimely,[3] the trial court was without jurisdiction to hear the appeal, and thus, it was without jurisdiction to do anything beyond granting the motion to quash.

■■■ First, we must note that the thirty day appeal period is jurisdictional. *McGraw v. Department of Transportation, Bureau of Traffic Safety,* 123 Pa.Commonwealth Ct. 120, 552 A.2d 1165 (1989). The only way in which Licensee, if in fact he sought to challenge the ten suspensions, could have done so would have been to petition the trial court for leave to appeal nunc pro tunc. *See e.g., Department of Transportation, Bureau of Driver Licensing v. Grasse,* 146 Pa.Commonwealth Ct. 17, 606 A.2d 544 (1991). In such a proceeding licensee could then have attempted to establish that DOT's notices had not, in fact, been sent or that they had been sent to the wrong address. *See, e.g., id.* Licensee, however, made no such attempt to petition for relief on this basis, to amend his petition at the hearing to ask for relief on this basis, or to present any evidence whatsoever to prove that he was entitled to nunc pro tunc relief. Indeed, he presented no evidence at all and while his attorney made statements on the record of what he wanted to show, that evidence, even if it had been presented, would have related only to the merits of the accuracy of DOT's records and not to the question of whether notice was sent. We thus hold that Licensee waived any right to nunc pro tunc relief. That being the case, the trial court clearly acted appropriately in sustaining the motion to quash, although it did not give its reason for doing so.[4]

**3.** Under Section 1550 of the Vehicle Code a licensee has thirty days from the date DOT mails notice of a suspension or revocation in which to appeal to the court of common pleas. Here, notice was allegedly mailed on March 12, 1990, regarding the most recent of the ten suspensions (the five-year suspension). Hence, an appeal on July 15, 1991, would clearly be untimely.

**4.** We may affirm the order of the trial court on a rationale different from that it employed in its analysis provided the basis for our affirma-

■ There remain two other points however, which require discussion. First, Licensee now appears to be attempting, despite what he stated in his pleading below, to seek a review of the accuracy of DOT's records. That can be done in accordance with Section 1516(d) of the Vehicle Code, 75 Pa. C.S. § 1516(d), which provides that "[d]rivers wishing to have their record reviewed by the department may make such a request in order that the record be brought up to date." This provision is ministerial in nature and hence no time bar applies. But, we caution here that that provision is not the way to challenge an alleged lack of notice. And, in this case, as previously explained, Licensee has waived the notice issue.

Having concluded that the trial court correctly granted the motion to quash because the appeal to it was untimely and, hence, deprived it of jurisdiction, it follows that it did not then possess the power to grant further relief in the nature of a sixty day reinstatement of Licensee's operating privileges. Accordingly, that portion of its order must be vacated.

## ORDER

NOW, April 27, 1993, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed insofar as it granted the Department of Transportation's motion to quash. To the extent it directed reinstatement of Stollsteimer's license for sixty days, the order is vacated.

tion is clear on the record. *Rhoads v. Lancaster Parking Authority,* 103 Pa.Commonwealth Ct. 303, 520 A.2d 122 (1987), *petition for allowance of appeal denied,* 515 Pa. 611, 529 A.2d 1084 (1987).