John Harold ALEXANDER

v.

COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 17, 2003.
Decided March 19, 2003.
Reconsideration Denied May 20, 2003.

Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

Before COLINS, President Judge, FRIEDMAN, J., and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

The Department of Transportation, Bureau of Driver Licensing appeals from an order of the Court of Common Pleas of Chester County that sustained John Harold Alexander's appeal from the Bureau's requirement that he install ignition interlocks pursuant to 42 Pa. C.S. § 7002. We affirm the trial court.

Alexander was arrested for DUI on November 2, 1990 and accepted into the ARD program for that offense on April 9, 1991. Alexander was again arrested for DUI on June 25, 1993 and convicted of that offense on February 14, 1994. Alexander was arrested and charged with DUI a third time on February 14, 2001 and convicted of the offense on September 5, 2001. Upon this last conviction the sentencing court[1] ordered Alexander to comply with the requirements of 42 Pa.C.S. § 7002, commonly referred to as the Ignition Interlock Law,[2] "if applicable" (Trial court opinion at 2.) In a notice mailed on December 25, 2001, the Department informed Alexander that his operating privilege was being suspended for one year as a consequence of his conviction on September 5, 2001, and that he would have to comply with the applicable provisions of the Ignition Interlock Law before his operating privilege would be restored at the end of that year. Failure to comply with the Law, he was told, would result in an additional one-year suspension of his privileges. Alexander filed a statutory appeal from the Department's imposition of the interlock requirement and the additional one-year suspension. The trial court sustained Alexander's appeal on finding that acceptance into the ARD program was not a "conviction" for purposes of the Law and that only convictions that had occurred after the effective date of the Law could be counted in determining whether the requirement was to be imposed.

The questions we must determine are whether the trial court erred in finding

---

1. It is interesting to note that the judge who imposed the ignition interlock requirement on Alexander at his sentencing is the same judge who sustained this appeal of the Department's requirement that he comply with that sentencing order.

2. Section 7002 provides, in pertinent part:

   § 7002. Ignition interlock systems for driving under the influence

   (b) **Second or subsequent offense.**—In addition to any other requirements imposed by the court, where a person has been convicted of a second or subsequent violation of 75 Pa.C.S. § 3731, the court shall order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by the department. A record shall be submitted to the department when the court has ordered the installation of an approved interlock ignition device. Before the department may restore such person's operating privilege, the department must receive a certification from the court that the ignition interlock system has been installed.

   (c) **Alternative disposition.**—For the purpose of this section, acceptance of Accelerated Rehabilitative Disposition, an adjudication of delinquency or a consent decree under Chapter 63 (relating to juvenile matters) or any other form of preliminary disposition of any charge brought under 75 Pa.C.S. § 3731 shall be considered a first conviction.

   (d) **Department approval.**—An ignition interlock system required to be installed under this section must be a system which has been approved by the department. The department's approval of ignition interlock systems shall be published in the Pennsylvania Bulletin.

that acceptance into ARD was not a "conviction" for purposes of the Ignition Interlock Law and whether offenses for which a motorist was convicted prior to the effective date of the Law are to be considered for purposes of imposing the ignition interlock requirement.[3]

Acceptance into the ARD program is a "conviction" under the Ignition Interlock Law, 42 Pa.C.S. § 7002(c), *Schneider v. Department of Transportation, Bureau of Driver Licensing*, 790 A.2d 363, 364, n. 3 (Pa.Cmwlth.2002).

The Department argues that Alexander's conviction on September 5, 2001 was actually his third conviction for purposes of the Ignition Interlock Law. However, to find that this is correct we would have to apply the provisions of the Law retroactively and there is a clear mandate by our legislature against retroactive application of a statute. "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Pa.C.S. § 1926. However, "[w]hile there is a presumption against retroactive application of statutes affecting substantive rights, a law is only retroactive in its application when it relates back and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired." *McMahon v. McMahon*, 417 Pa.Super. 592, 612 A.2d 1360, 1364 (1992). The effective date of the provision of the Ignition Interlock Law imposed on Alexander was September 30, 2000,[4] and his conviction on September 5, 2001 was the first recorded after the effective date. If we were to allow the Department to impose the provisions of Section 7002(b) on Alexander in this case

that conviction would clearly have a legal effect different from that which it had under the law in effect when he was convicted. For purposes of the Ignition Interlock Law, Alexander had been convicted of only one offense as of September 5, 2001, and the provisions of Section 7002(b) are inapplicable to him.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 19th day of March 2003, the order of the Court of Common Pleas of Chester County in this matter is affirmed.

---

**3.** As this matter involves no disputed facts and we consider nothing but questions of law, our standard of review is plenary. *Department of Transportation, Bureau of Driver Li-*

*censing v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000).

**4.** Section 7002(a), relating only to first offenses, became effective September 30, 2001.