**Ralph D. HESS,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 21, 2003.

Decided April 17, 2003.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

George N. Zanic, Huntingdon, for appellee.

BEFORE: COLINS, President Judge and FRIEDMAN, Judge and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the July 11, 2002, order of the Court of Common Pleas of Huntingdon County (trial court), which (1) denied DOT's motion to quash the appeal of Ralph D. Hess (Licensee) as untimely, (2) sustained Licensee's appeal, and (3) directed DOT to restore Licensee's operating privileges. We affirm.

By letter mailed February 28, 2001, DOT notified Licensee that his driving privilege was suspended for one year effective April 4, 2001, as a result of Licensee's conviction for driving under the influence of alcohol (DUI) on January 30, 2001. The notice stated that Licensee was required to have all vehicles owned by him equipped with an approved ignition interlock system before Licensee's driving privilege could be restored. If Licensee failed to comply with this requirement, his driving privilege would be suspended for an additional year. DOT promised to send "more information regarding this requirement approximately 30 days before [Licensee's] eligibility date." (Trial court's Findings of Fact, No. 7.)

On January 11, 2002, this court filed its decision in *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002), holding that DOT lacks unilateral authority to impose ignition interlock device requirements where the sentencing court failed to do so. When Licensee was sentenced for

DUI on January 30, 2001, the court did *not* require installation of ignition interlock systems on Licensee's vehicles. (Trial court's Findings of Fact, Nos. 2, 4.)

■ On April 4, 2002, Licensee filed a *nunc pro tunc* appeal with the trial court challenging DOT's decision *not* to restore his driving privilege at the end of the suspension period absent the installation of ignition interlock systems. The trial court held a hearing on the matter, at which DOT filed a motion to quash the appeal as untimely. The trial court denied the motion to quash and sustained Licensee's appeal pursuant to *Schneider.* DOT now appeals to this court.[1]

DOT argues that the trial court erred in denying DOT's motion to quash Licensee's *nunc pro tunc* appeal. We disagree.

■ In *Schneider,* this court held that a notice of suspension that requires installation of an approved ignition interlock system is a final and appealable order. Here, Licensee did not appeal the notice of suspension. Thus, Licensee sought a *nunc pro tunc* appeal. A *nunc pro tunc* appeal is appropriate where the licensee shows that the delay in filing the appeal was caused by fraud or a breakdown in the administrative process. *Anderson v. Department of Transportation, Bureau of Driver Licensing,* 744 A.2d 825 (Pa. Cmwlth.2000). In determining whether a *nunc pro tunc* appeal is appropriate in this case due to a breakdown in the administrative process, we shall examine whether DOT's notice of suspension adequately in-

formed Licensee that he must appeal the ignition interlock system requirement within thirty days.

On the first page of DOT's notice of suspension, DOT informs Licensee of the ignition interlock system requirement and sets forth the penalty for failure to comply with the requirement. The notice then states, "You will receive more information regarding this requirement approximately 30 days before your eligibility date."[2] (R.R. at 18a.) The final section of the notice indicates that Licensee has the right to appeal "this action" within thirty days. (R.R. at 21a.) The notice then reminds Licensee that "this is an OFFICIAL NOTICE OF SUSPENSION."[3] (R.R. at 21a.) Because the notice promises more information about the ignition interlock system requirement, the notice suggests that the suspension and the ignition interlock system requirement are *different* actions.[4] Thus, it is not clear whether the right to appeal "this action" in thirty days includes the right to appeal the imposition of the ignition interlock system requirement. For that reason, we conclude that there has been a breakdown in the administrative process that justifies a *nunc pro tunc* appeal in this case.

DOT also invites this court to revisit its decision in *Schneider,* stating that the question presented in *Schneider* is before the Pennsylvania Supreme Court in another case. Thus, essentially, DOT has raised the issue here to preserve the matter for further appeal. (*See* DOT's brief at 11.)

1. Our scope of review is limited to determining whether necessary findings of fact made by the trial court are supported by competent evidence, or whether the trial court committed an error of law or abused its discretion in reaching its decision. *Gies v. Commonwealth,* 770 A.2d 799 (Pa.Cmwlth.2001).

2. The notice provides *no* other information about the requirement; the notice even lacks a citation to the statute.

3. We note that Licensee is not appealing the suspension here.

4. This was DOT's position before this court in *Schneider,* which this court rejected. We note that DOT sent its notice of suspension to Licensee before this court filed its decision in *Schneider.* Thus, the notice does not reflect the holding in *Schneider.*

666

We decline to revisit our decision in *Schneider.*

Accordingly, we affirm.

## ORDER

AND NOW, this 17th day of April, 2003, the order of the Court of Common Pleas of Huntingdon County, dated July 11, 2002, is hereby affirmed.