**Barbara Ann DWYER**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 31, 2004.

Decided May 17, 2004.

Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, COHN, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

The Department of Transportation, Bureau of Driver Licensing (PennDOT) ap-

peals from an order of the Court of Common Pleas of Lehigh County (trial court) sustaining the appeal of Barbara Ann Dwyer from the requirement that she install ignition interlock devices on all her vehicles before restoration of her operating privilege. PennDOT required installation of the interlock devices pursuant to what is commonly referred to as the Ignition Interlock Device Act (Act), 42 Pa.C.S. §§ 7001–03. Because we determine Dwyer's appeal was untimely, we vacate and remand with direction to quash.

Dwyer was accepted into an Accelerated Rehabilitative Disposition (ARD) program with respect to a January 1995 arrest for driving under the influence (DUI). She was convicted of her second DUI offense in April 1996. In August 2001, Dwyer pled guilty to a third DUI offense. The court did not sentence Dwyer to install ignition interlock devices under Section 7002(b) of the Act.[1]

In September 2001, PennDOT sent Dwyer an Official Notice of Suspension, stating her operating privilege was suspended for one year and, as a condition of restoration of her operating privilege, she would be required to install interlock devices on all her vehicles. Reproduced Record (R.R.) at 21a–24a. Dwyer did not appeal from this notice within the required 30–day period. In October 2001, PennDOT sent Dwyer a Restoration Requirements Letter, again noting she needed to install ignition interlock devices on all her vehicles before her operating privilege would be restored. R.R. at 7a–8a.

After ten more months, Dwyer appealed to the trial court, arguing PennDOT could not order installation of ignition interlock devices when the sentencing court had not done so. The trial court sustained Dwyer's appeal. Although PennDOT argued Dwyer's appeal should be quashed as untimely, the trial court relied on our decision in *Hess v. Dep't of Transp., Bureau of Driver Licensing,* 821 A.2d 663 (Pa. Cmwlth.2003) (untimely appeal permitted because PennDOT notice confusing), to hold it was permitted to hear the merits of Dwyer's case despite its untimely filing. The trial court then relied on this Court's decision in *Schneider v. Dep't of Transp., Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002), to find PennDOT was without independent authority to order installation of ignition interlock devices when the sentencing court did not order them.

PennDOT appealed to this Court,[2] arguing: 1) It did not apply the Act retroactively to Dwyer, because her third DUI conviction occurred after the effective date of the Act; 2) this Court's decision in *Alexander v. Dep't of Transp., Bureau of Driver Licensing,* 822 A.2d 92 (Pa.Cmwlth. 2003), addressing improper retroactive application of the Act, was incorrectly decided and should be reversed; and, 3) the trial court erred in hearing the merits of Dwyer's untimely appeal.[3]

---

1. At the time of sentencing, Section 7002(b) of the Act provided, for a second or subsequent offense of DUI, the trial court "shall" order installation of ignition interlock devices on all vehicles owned by the defendant. 42 Pa.C.S. § 7002(b). That provision was later deemed unconstitutional by our Supreme Court in *Commonwealth v. Mockaitis,* 575 Pa. 5, 834 A.2d 488 (2003).

2. This Court's review is limited to determining whether the trial court's findings of fact

were supported by competent evidence, whether legal errors were committed, or whether the trial court committed an abuse of discretion. *Schneider v. Dep't of Transp., Bureau of Driver Licensing,* 790 A.2d 363 (Pa. Cmwlth.2002).

3. Also, PennDOT initially asserted independent authority to order installation of interlock devices even in the absence of a sentencing court order. We need not reach the independent authority issue because the time-

As to the first two issues, the trial court did not address whether PennDOT's imposition of the ignition interlock requirement was impermissibly retroactive. Because Dwyer did not raise retroactivity before the trial court, it is not at issue before this Court. *Goppelt v. City of Phila. Revenue Dep't,* 841 A.2d 599 (Pa. Cmwlth.2004); Pa. R.A.P. 302(a). Therefore, we decline to address *Alexander.*

With respect to the timeliness of Dwyer's appeal, it is well settled that a licensee is required to file her appeal within 30 days of the notice of suspension. *See, e.g., Hess; Dep't of Transp., Bureau of Driver Licensing v. Stollsteimer,* 156 Pa.Cmwlth. 64, 626 A.2d 1255, 1256 n. 3 (1993). That did not occur here.

Moreover, the trial court's reliance on *Hess* to grant a "now for then" appeal was misplaced. In *Hess,* the licensee sought a "now for then" appeal. 821 A.2d at 665. We observed such an appeal is permitted only "where the licensee shows that the delay in filing the appeal was caused by fraud or a breakdown in the administrative process." *Id.* We concluded the requested relief could be allowed because the notice of suspension issued by PennDOT was unclear as to when he was required to appeal the interlock requirement.

Here, however, Dwyer neither claimed nor offered to prove that any PennDOT communication confused her about the time to appeal the interlock requirement. In fact, Dwyer never requested a "now for then" appeal, and she offered no evidence at the hearing before the trial court. Rather, Dwyer's argument was that PennDOT lacked the independent authority to impose the ignition interlock requirement. R.R. at 5a–6a (Petition), 9a–18a (transcript of argument before trial court). Not surprisingly, the trial court did not find Dwyer was confused by the Notice of Sus-

pension or by the subsequent Restoration Requirements Letter. Accordingly, the trial court's reliance on *Hess* was misplaced, because here the issue was not properly raised, no proof of confusion was offered, and no finding of confusion was made.

The facts of this case more closely resemble *Stollsteimer,* in which a late appeal was disallowed. In *Stollsteimer,* as here, the licensee made no attempt to petition for a "now for then" appeal, to amend his petition at the hearing for relief on that basis, or to present any evidence whatsoever to prove he was entitled to "now for then" relief. 626 A.2d at 1256. We held that licensee waived any right for such relief, and the trial court appropriately quashed his untimely appeal. *Id.* at 1256–57.

Our decision in *Watterson v. Com., Dept. of Transp.,* 816 A.2d 1225 (Pa.Cmwlth. 1225) does not compel a different result. In *Watterson,* we permitted a "now for then" appeal based on the rationale that PennDOT's interlock requirement was void without court sanction. 816 A.2d at 1227. However, the *Watterson* rationale for permitting an untimely appeal is no longer valid. More specifically, in *Commonwealth v. Mockaitis,* 575 Pa. 5, 834 A.2d 488 (2003), our Supreme Court held that PennDOT enjoys statutory authority to restrict license restoration of repeat DUI offenders that does not depend on a sentencing court order.

We recently held that an untimely appeal was not warranted under circumstances materially identical to those here. In *Freedman v. Dep't of Transp., Bureau of Driver Licensing,* 842 A.2d 494 (Pa. Cmwlth.2004), we vacated a trial court order granting an untimely appeal in an interlock case, and we remanded with in-

---

liness issue is dispositive, and PennDOT abandoned this argument.

structions to quash the appeal. Dwyer does not articulate any other circumstances warranting allowance of a "now for then" appeal. Thus, *Freedman* controls here. Accordingly, we enter the same order. *See Strick v. Dep't of Transp., Bureau of Driver Licensing*, 850 A.2d 78 (Pa.Cmwlth., 143 C.D.2003, filed May 17, 2004).

President Judge COLINS concurs in the result only.

### ORDER

AND NOW, this 17th day of May, 2004, the order of the Court of Common Pleas of Lehigh County is vacated and remanded with instructions to quash Dwyer's appeal as untimely.

Jurisdiction relinquished.

DISSENTING OPINION BY Judge SMITH–RIBNER.

I dissent from the majority's decision to vacate the order of the Court of Common Pleas of Lehigh County and to remand the case with instructions for the court to quash the appeal of Barbara Ann Dwyer from the requirement that she install ignition interlock devices on all of her vehicles before the restoration of her operating privileges. I disagree with the majority for the reasons expressed in my dissent in *Strick v. Department of Transportation, Bureau of Driver Licensing*, 850 A.2d 78 (Pa.Cmwlth.2004), and in *Freedman v. Department of Transportation, Bureau of Driver Licensing*, 842 A.2d 494 (Pa. Cmwlth.2004).