**Daryl STRICK**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 31, 2004.

Decided May 17, 2004.

---

Karl E. Rominger, Carlisle, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and COHN, Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

Daryl Strick appeals from an order of the Court of Common Pleas of Cumberland County that quashed his untimely appeal from the Department of Transportation, Bureau of Driver Licensing's (PennDOT) requirement that he install ignition interlock devices on all his vehicles before restoration of his operating privilege. PennDOT required installation of the interlock devices pursuant to what is commonly referred to as the Ignition Interlock Device Act (Act), 42 Pa.C.S. §§ 7001–03. Because we agree Strick's appeal was untimely, we affirm.

Strick was accepted into an Accelerated Rehabilitative Disposition (ARD) program with respect to an April 1995 arrest for driving under the influence (DUI). In May 1999, Strick was convicted of a second DUI offense. In September 2001, Strick pled guilty to his third DUI offense. The court did not sentence Strick to install ignition interlock devices under Section 7002(b) of the Act.[1]

---

1. At the time of sentencing, Section 7002(b) of the Act provided, for a second or subsequent offense of DUI, the trial court "shall" order installation of ignition interlock devices on all

In October 2001, PennDOT sent Strick an Official Notice of Suspension, stating his operating privilege was suspended for one year and, as a condition of restoration of his operating privilege, he would be required to install interlock devices on all his vehicles. Supplemental Reproduced Record (S.R.R.) at 2b–4b. Strick did not appeal from this notice within the required 30–day period.

A year later, Strick appealed from PennDOT's requirement that he install ignition interlock devices on all his vehicles. Reproduced Record . (R.R.) at 59–61. Strick's appeal referenced a Restoration Requirements Letter from PennDOT received October 7, 2002, which required interlock installation as a condition of license restoration. Strick argued the Act was unconstitutional and sought full restoration of his operating privilege without restrictions.

Upon motion by PennDOT, the trial court quashed Strick's appeal as untimely.

 ▪ Strick appealed to this Court,[2] seeking reversal based on our decision in *Watterson v. Dep't of Transp., Bureau of Driver Licensing*, 816 A.2d 1225 (Pa. Cmwlth.2003). In response, PennDOT argued: 1) It did not apply the Act retroactively to Strick, because his third DUI conviction occurred after the effective date of the Act; 2) this Court's decision in *Alexander v. Dep't of Transp., Bureau of Driver Licensing*, 822 A.2d 92 (Pa.Cmwlth. 2003), addressing improper retroactive ap-

plication of the Act, was incorrectly decided and should be reversed; and, 3) the trial court was correct in finding Strick's appeal untimely.[3]

As to the first two issues, the trial court did not address whether PennDOT's imposition of the ignition interlock requirement was impermissibly retroactive. Because neither party raised retroactivity before the trial court, it is not at issue before this Court. *Goppelt v. City of Phila. Revenue Dep't*, 841 A.2d 599 (Pa.Cmwlth.2004); Pa. R.A.P. 302(a). Therefore, we decline to address *Alexander*.

 With respect to the timeliness of Strick's appeal, it is well settled that a licensee is required to file his appeal within 30 days of the notice of suspension. *See, e.g., Hess v. Dep't of Transp., Bureau of Driver Licensing*, 821 A.2d 663, 665 (Pa.Cmwlth.2003); *Dep't of Transp., Bureau of Driver Licensing v. Stollsteimer*, 156 Pa.Cmwlth. 64, 626 A.2d 1255, 1256 n. 3 (1993). That did not happen here.

In *Watterson*, we permitted a "now for then" appeal based on the rationale that PennDOT's interlock requirement was void without court sanction. 816 A.2d at 1227. However, the *Watterson* rationale for permitting an untimely appeal is no longer valid. More specifically, in *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003), our Supreme Court held that PennDOT enjoys statutory authority to restrict license restoration of repeat DUI

vehicles owned by the defendant. 42 Pa.C.S. § 7002(b). That provision was later deemed unconstitutional by our Supreme Court in *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003).

**2.** This Court's review is limited to determining whether the trial court's findings of fact were supported by competent evidence, whether legal errors were committed, or whether the trial court committed an abuse of discretion. *Schneider v. Dep't of Transp., Bu-*

*reau of Driver Licensing,* 790 A.2d 363 (Pa. Cmwlth.2002).

**3.** Also, PennDOT initially asserted independent authority to order installation of interlock devices even in the absence of a sentencing court order. We need not reach the independent authority issue because the timeliness issue is dispositive, and PennDOT abandoned this argument.

offenders that does not depend on a sentencing court order.

We recently held that an untimely appeal was not warranted under circumstances materially identical to those here. In *Freedman v. Dep't of Transp., Bureau of Driver Licensing,* 842 A.2d 494 (Pa. Cmwlth.2004), we vacated a trial court order granting an untimely appeal in an interlock case, and we remanded with instructions to quash the appeal. *Strick* does not articulate any other circumstances warranting allowance of a "now for then" appeal. Thus, *Freedman* controls here. In summary, the trial court did not err in quashing Strick's appeal as untimely, and we affirm. *See Dwyer v. Dep't of Transp., Bureau of Driver Licensing,* 849 A.2d 1274 (Pa.Cmwlth.2004).

President Judge COLINS concurs in the result only.

### *ORDER*

AND NOW, this 17th day of May, 2004, the order of the Court of Common Pleas of Cumberland County is affirmed.

DISSENTING OPINION BY Judge SMITH–RIBNER.

I dissent from the majority's decision to affirm the order of the Court of Common Pleas of Cumberland County, which quashed Daryl Strick's appeal, as untimely filed, from a requirement imposed by the Department of Transportation (DOT) that Strick install ignition interlock devices on all of his vehicles before restoration of his operating privileges. The majority relies upon *Freedman v. Department of Transportation, Bureau of Driver Licensing,* 842 A.2d 494 (Pa.Cmwlth.2004), which dismissed as untimely filed the driver's appeal from DOT's refusal to restore operating privileges until after the driver had installed the ignition interlock device on all

of the vehicles that he owned. In *Freedman* the Court determined that the driver's appeal was untimely filed based on its interpretation of the rationale articulated by the Pennsylvania Supreme Court for its decision in *Commonwealth v. Mockaitis,* 575 Pa. 5, 834 A.2d 488 (2003).

As noted in the *Freedman* dissent, the Court should have followed its own precedents established in *Watterson v. Department of Transportation, Bureau of Driver Licensing,* 816 A.2d 1225 (Pa.Cmwlth. 2003), and in *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002), *appeal discontinued* (No. 20 MAP 2004, filed March 31, 2004), and upheld the driver's right to appeal *nunc pro tunc* from DOT's action. Both *Watterson* and *Schneider* held that DOT had no independent authority to impose ignition interlock requirements upon drivers convicted of DUI, and *Watterson* expressly stated that such action was void *ab initio.* Because DOT's action was void *ab initio,* this Court held that the trial courts were correct in granting the drivers' appeals *nunc pro tunc* and in sustaining the appeals. The majority has concluded, however, that untimely appeals in the ignition interlock cases are no longer viable now that the Supreme Court has decided *Mockaitis* even though the court never addressed the issue of *nunc pro tunc* appeals in such cases nor expressly overruled *Watterson* and the cases that followed it.

Just as important, the majority has declined to take the opportunity to rule on whether DOT's action, likewise, was void *ab initio* when it imposed the ignition interlock requirement on Strick who had only one DUI conviction after the effective date of the act known as the Ignition Interlock Act (Act), 42 Pa.C.S. §§ 7001–7003. The majority also declined to take the opportunity to heed DOT's request to

overrule *Alexander v. Department of Transportation, Bureau of Driver Licensing,* 822 A.2d 92 (Pa.Cmwlth.2003), *appeal granted,* —— Pa.——, 849 A.2d 1129 (2004). The Court in *Alexander* conditioned the application of the Act on repeat DUI convictions after the September 30, 2000 effective date of the Act.

Inasmuch as DOT raised the applicability of *Alexander,* the Court should have decided the issue on the merits and concluded that DOT's action was void *ab ini-* *tio* because Strick had only one DUI conviction after the effective date of the Act and that the trial court thus erred in quashing Strick's appeal as untimely filed. Because of its error, I would reverse the order of the trial court.