**Stopko v. PennDOT**

C.P. of Cambria County, no. 1820-2005.

*Michael J. Czonka,* for appellant.
*Denise Farkas,* for appellee.

DiFRANCESCO, *J.,* August 15, 2005—This matter is before the court as a result of the appellant's filing of an appeal from denial of restoration of operating privileges/denial of restoration of driver's license. A hearing on this matter was held on July 14, 2005, at which time arguments of counsel were heard. Both parties have subsequently filed briefs, which the court has thoroughly reviewed.

## DISCUSSION

The appellant, Joseph Brian Stopko, is a resident of Johnstown, Cambria County, Pennsylvania. On December 11, 2003, the appellant was convicted for a violation of 75 Pa.C.S. §3731 (Driving under the influence of alcohol—DUI). As a result of the conviction, the appellant's driving privileges were suspended by the appellee (PennDOT) beginning on December 11, 2003 through March 19, 2005. The said conviction was the appellant's second conviction for DUI with the first being on February 17, 1996.

In a "restoration letter" dated January 6, 2005, PennDOT notified the appellant that his driving privileges were eligible for restoration on March 19, 2005, upon PennDOT's receipt of a restoration fee and a submission of "proof of insurance" for all vehicles owned by the appellant. On March 21, 2005, the appellant submitted the aforementioned fee and information through an authorized agent/notary service of PennDOT. Shortly thereafter, the appellant received a second "restoration requirement letter" dated March 21, 2005, stating in part that "In order to have your driving privileges restored, you must apply for an ignition interlock license."

On April 18, 2005, the appellant filed the within appeal of his license suspension contending that PennDOT's requirement that he apply for an interlock ignition license in order for his driving privileges to be restored is invalid and unlawful. Specifically, the appellant notes that the statute authorizing PennDOT to require ignition interlock licenses of individuals who accumulate a second DUI has been revoked (42 Pa.C.S. §7003). Thus, the appellant asserts that his driving privileges be restored, because of his compliance with the original January 6, 2005 requirement letter from PennDOT.

In support of his contention, the appellant has referred the court to the Commonwealth Court's decision in *Hess v. PennDOT,* 821 A.2d 663 (Pa. Commw. 2003), which held in part that a breakdown in the administrative process of PennDOT justified an appeal nunc pro tunc by a motorist who was denied restoration of his driving privileges as a result of his failure to install the ignition interlock systems.

PennDOT has countered with the Commonwealth Court's decision in *Freedman v. PennDOT,* 842 A.2d 494 (Pa. Commw. 2004), which reversed a trial court's decision to allow a licensee's untimely appeal of the suspension of motor vehicle license pursuant to the ignition interlock systems.

The court is quite familiar with both the decisions in *Hess* and *Freedman.* To begin, Judge Leadbetter's decision in *Freedman* sets forth the procedure to challenge PennDOT's requirement of an ignition interlock to a motor vehicle:

"The proper procedure to challenge the department's imposition of the ignition interlock device requirement is to file an appeal from the notice of suspension. *Schneider* at 366 n.7; *Turner v. PennDOT,* 805 A.2d 671, 674 (Pa. Commw. 2002); *Hess v. PennDOT,* 821 A.2d 663, 665 (Pa. Commw. 2003). It is well settled that a licensee must file his appeal within 30 days from the date the department mails such notice. 75 Pa.C.S. §1550; 42 Pa.C.S. §§5571(b), 5572; *PennDOT v. Stollsteimer,* 156 Pa. Commw. 64, 626 A.2d 1255, 1256 n.3 (1993). The department correctly notes that an untimely appeal deprives common pleas of subject matter jurisdiction, *Hudson v. PennDOT,* 830 A.2d 594, 598 (Pa. Commw. 2003), an issue which may be raised at any time. *Id.* at 598 n.7." *Freedman v. PennDOT,* 842 A.2d 494, 498 (Pa. Commw. 2004).

In *Freedman,* a motorist pled guilty to his second DUI offense. Shortly thereafter in April 2002, PennDOT notified the motorist that his operating privilege would be suspended for one year and that, prior to the restoration of his operating privilege, he would need to have an ig-

nition interlock device installed on his vehicles. The motorist did not appeal from this suspension notice within the statutory period. In January 2003, PennDOT sent the motorist a "restoration requirements letter" outlining the steps needed to restore his operating privileges, including that he equip his vehicles with an ignition interlock device. On February 6, 2003, the motorist filed an appeal challenging PennDOT's authority to require the ignition interlock devices on his vehicles. The trial court held in favor of the motorist, holding that it could consider the appeal nunc pro tunc, and that PennDOT lacked the authority to require installation of an ignition interlock device absent a court order. PennDOT appealed.

The Commonwealth Court vacated the trial court's decision noting that the lower court's rationale was in contradiction to the Supreme Court's holding in *Commonwealth v. Mockaitis,* 575 Pa. 5, 834 A.2d 488 (2003), which held in part that " 'whether and when repeat DUI offenders are entitled to conditional restoration of their operating privileges,' is not a function of the court, but rather the unique authority and responsibility of [PennDOT]." *Freedman,* 842 A.2d at 498, quoting *Mockaitis,* 575 Pa. 5, 26, 834 A.2d 488, 500. Based on *Mockaitis,* the Commonwealth Court vacated the lower court's decision, and quashed the motorist's appeal.

In *Hess v. PennDOT,* 821 A.2d 663 (Pa. Commw. 2003) (a decision noted in *Freedman*), the court held that a breakdown in the administrative process justified a nunc pro tunc appeal by a motorist. In *Hess,* a motorist was notified by letter mailed February 28, 2001, that PennDOT was suspending his driving privi-

leges for one year effective April 4, 2001, as a result of his conviction for DUI on January 30, 2001. The notice stated that the motorist was required to have all vehicles owned by him equipped with an approved ignition interlock system before his driving privileges could be restored. If the motorist failed to comply with this requirement, his driving privileges would be suspended for an additional year. PennDOT promised to send "more information regarding this requirement approximately 30 days before [licensee's] eligibility date." *Hess,* 821 A.2d at 664.

On April 4, 2002, the motorist filed a nunc pro tunc appeal with the trial court challenging PennDOT's decision *not* to restore his driving privileges at the end of the suspension period absent the installation of ignition interlock systems. The trial court held a hearing on the matter, at which PennDOT filed a motion to quash the appeal as untimely. The trial court denied the motion to quash and sustained the motorist's appeal pursuant to the Commonwealth Court's decision in *Schneider v. PennDOT,* 790 A.2d 363 (Pa. Commw. 2002), which held that PennDOT lacked authority to impose interlock device requirements where the sentencing court failed to do so. *Id.* at 664-65.

On appeal, the Commonwealth Court affirmed the trial court's decision to sustain the motorist's appeal. In affirming, the court noted that the motorist sought a nunc pro tunc appeal, and such appeal is "appropriate where the licensee shows that the delay in filing the appeal was caused by fraud or a breakdown in the administrative process." *Id.* at 665, citing *Anderson v. PennDOT,* 744 A.2d 825 (Pa. Commw. 2000).

In finding a "breakdown in the administrative process," the court provided the following analysis:

"On the first page of DOT's notice of suspension, DOT informs licensee of the ignition interlock system requirement and sets forth the penalty for failure to comply with the requirement. The notice then states, 'You will receive more information regarding this requirement approximately 30 days before your eligibility date.' (R.R. at 18a.) The final section of the notice indicates that licensee has the right to appeal 'this action' within 30 days. (R.R. at 21a.) The notice then reminds licensee 'this is an OFFICIAL NOTICE OF SUSPENSION.' (R.R. at 21a.) Because the notice promises more information about the ignition interlock system requirement, the notice suggests that the suspension and the ignition interlock system requirement are *different* actions. Thus, it is not clear whether the right to appeal 'this action' in 30 days includes the right to appeal the imposition of the ignition interlock system requirement. For that reason, we conclude that there has been a breakdown in the administrative process that justifies a nunc pro tunc appeal in this case." *Id.* (footnotes omitted)

The court also noted in footnote 2 that "The notice provides *no* other information about the requirement; the notice even lacks a citation to the statute." *Id.* (emphasis in original) Further, in footnote 3, the court noted, "Licensee is not appealing the suspension here." *Id.*

In the present matter, this court is guided by the Commonwealth Court's holding in *Hess,* and finds that the appellant's nunc pro tunc appeal is permitted as a result of a breakdown in the administrative process of PennDOT in issuing a series of contradictory notices to the appel-

lant. Specifically, the court notes that in the notice of suspension letter dated December 11, 2003, the appellant is informed by PennDOT of the ignition interlock requirements; however, in a "restoration requirements letter" dated January 6, 2005, PennDOT sets forth the requirements for the appellant's driving privileges to be restored. The said letter required the appellant to pay a $25 restoration fee and provide proof of insurance of all vehicles owned. The letter concluded by stating: "This letter identified [sic] the requirements necessary to restore your driving privilege and we are looking forward to working with you to do this." See page 2 of exhibit A of appellant's supporting brief.

The court notes with emphasis that nowhere in PennDOT's January 6, 2005 letter was there a requirement that the appellant was required to obtain an ignition interlock license despite the letter's concluding paragraph that stated these were the requirements necessary to restore his driving privileges.

As such, the court is troubled that, upon the appellant's compliance with PennDOT's January 6, 2005 letter, that the said agency sent an additional letter requiring the appellant obtain an ignition interlock license as an additional requirement to restore his driving privileges. This additional letter contradicts the January 6, 2005 letter of PennDOT, which specifically provided that it contained the requirements for the appellant to obtain his driving privileges. Accordingly, the court finds that these contradictory letters constitute an administrative breakdown on the part of PennDOT which warrants a nunc pro tunc appeal by the appellant which is sustained upon his compliance with the original January 6, 2005 letter from PennDOT.

PennDOT's reliance on *Freedman* in the present matter is misplaced. The motorist in *Freedman* based his appeal on PennDOT's authority to require that he install ignition interlock devices on his vehicle whereas the appellant in the present matter based his appeal on the administrative breakdown on the part of PennDOT which justifies a nunc pro tunc appeal per the Commonwealth Court's holding in *Hess* (again, this court notes that *Hess* was cited by the Commonwealth in *Freedman*).

In ruling in favor of the appellant, this court is mindful of the Commonwealth Court's more recent decision (referenced by PennDOT in their brief) of *Dwyer v. PennDOT,* 849 A.2d 1274 (Pa. Commw. 2004) which vacated a trial court's decision affirming a motorist's appeal based on *Hess.* The court in *Dwyer* essentially reaffirmed *Hess* by differentiating the factual scenario from its case from *Hess:*

"Moreover, the trial court's reliance on *Hess* to grant a 'now for then' appeal was misplaced. In *Hess* the licensee sought a 'now for then' appeal. 821 A.2d at 665. We observed such an appeal is permitted only 'where the licensee shows that the delay in filing the appeal was caused by fraud or a breakdown in the administrative process.' *Id.* We concluded the requested relief could be allowed because the notice of suspension issued by PennDOT was unclear as to when he was required to appeal the interlock requirement.

"Here, however, Dwyer neither claimed nor offered to prove that any PennDOT communication confused her about the time to appeal the interlock requirement. In fact, Dwyer never requested a 'now for then' appeal, and she offered no evidence at the hearing before the trial

court. Rather, Dwyer's argument was that PennDOT lacked the independent authority to impose the ignition interlock requirement. R.R. at 5a-6a (petition), 9a-18a (transcript of argument before trial court). Not surprisingly, the trial court did not find Dwyer was confused by the notice of suspension or by the subsequent restoration requirements letter. Accordingly, the trial court's reliance on *Hess* was misplaced, because here the issue was not properly raised, no proof of confusion was offered, and no finding of confusion was made." *Dwyer,* 849 A.2d at 1276.

The decision in *Dwyer* supports this court's decision to find in favor of the appellant, as the appellant is seeking an appeal based on the breakdown of the administrative process of PennDOT, that being the series of contradictory letters. Unlike the motorists in *Freedman* and *Dwyer,* the appellant is not challenging PennDOT's authority to require the ignition interlock license.

In summary, the court finds that the appellant's nunc pro tunc appeal is warranted based on the breakdown of the administrative process by PennDOT, specifically that being its requirement that the appellant obtain an ignition interlock license after notifying him in a prior letter of the requirements needed to regain his driving privileges without mention of the said interlock ignition requirements. As such, the appellant has complied with the requirements to regain his driving privileges per the first letter issued by PennDOT, and accordingly, they should be restored. Furthermore, the court notes that it is also troubled and mindful of the precarious situation that PennDOT places motorists with local police departments by requiring an ignition interlock license when under this

factual scenario there is no longer a statutory requirement for such a device as the interlock section of the Act existing at the time of the offense has been declared unconstitutional.

Accordingly, the following order is hereby entered.

### ORDER

And now, August 15, 2005, the court finds that the appellant has complied with the requirements to restore his driving privileges, and therefore, his appeal is sustained.