**Stein v. PennDOT**

C.P. of Centre County, no. 2008-3733.

*Shawn B. Cohen,* for appellant.
*Philip M. Bricknell,* for appellee.

RUEST, *J.,* December 3, 2008—Presently before the court is appellant's petition for leave to file appeal nunc pro tunc from order of the Pennsylvania Department of Transportation suspending driver's license. Oral argument was held on October 31, 2008, and both parties submitted briefs. Upon consideration of the briefs, arguments, and relevant case law, the court determines appellant's petition for leave to file appeal nunc pro tunc is granted.

## BACKGROUND

Appellant pled guilty on December 15, 2003, to Centre County criminal case numbers 1648, 1649, 1650, and 1651 of 2003. On February 12, 2004, appellant was sentenced to a total of seven counts of possession with intent to deliver a controlled substance, four counts of possession of a controlled substance, and three counts of criminal use of a communication facility. Appellant was sentenced to incarceration for an aggregate of four years, three months to eight years, six months. Appellant was transported to SCI Camp Hill for diagnostic evaluation and spent the next three and one-half years in various correctional institutions. As a result of prior convictions in Blair County on drug charges, appellant's driver's license was suspended for two years for each count of possession with intent to deliver and possession for a total suspension period of 22 years.

Appellant was released to a halfway house near Pittsburgh, Pennsylvania in November 2007 and shortly thereafter moved to Ohio. In January 2008, appellant went to the Ohio Department of Transportation in an attempt to obtain a work driver's license. He was advised by Ohio DOT that his license was suspended in Pennsylvania and that Ohio could not issue him a license. Appellant then contacted PennDOT and had no success in restoring his driving privileges. He was informed he was eligible for a probationary license in Pennsylvania, but that it would not be valid for driving in Ohio. Appellant also learned of his suspension for 22 years.

Appellant brought the instant appeal, filed September 3, 2008, to ask the court to correct the length of his suspension.

## DISCUSSION

There are two questions before the court. First, whether the court can allow the licensee to file a nunc pro tunc appeal of his license suspension; and second, what should be the length of the licensee's driver's license suspension?

### Appeal Nunc Pro Tunc

Before it can reach the merits of plaintiff's claim, the court must determine whether it has jurisdiction to rule on plaintiff's appeal. The 30-day appeal period has been held to be jurisdictional. *PennDOT v. Stollsteimer,* 156 Pa. Commw. 64, 67, 626 A.2d 1255, 1256 (1993). Failure to bring an appeal within the statutorily prescribed period precludes the common pleas court from exercising

subject matter jurisdiction. *Hudson v. PennDOT,* 830 A.2d 594, 598 (Pa. Commw. 2003). In cases brought outside the 30-day appeal period, a common pleas court may only assume jurisdiction if the party requests to appeal nunc pro tunc and establishes sufficient evidence to merit such an appeal. *Stollsteimer, supra.*

Initially, the grounds for filing an appeal nunc pro tunc were limited to fraud or a breakdown in the court's operations. *Commonwealth v. Stock,* 545 Pa. 13, 18, 679 A.2d 760, 763 (1996). Our courts have since then held that when an appeal is not filed for non-negligent reasons it should be permitted. *Bass v. Commonwealth Bureau of Corrections,* 485 Pa. 256, 401 A.2d 1133 (1979). Over time, our courts have expanded the right to appeal nunc pro tunc to situations where "extraordinary circumstances" exist that prevented the appeal from being filed in a timely manner. *Stock, supra.*

Appellant was incarcerated at the time that the suspension letter would have been sent to him by PennDOT. The Commonwealth maintains appellant was obligated, pursuant to 75 Pa.C.S. §1515, to keep his address up-to-date with PennDOT. The Commonwealth argues it mailed proper notice to the last known address of appellant, and that no extraordinary circumstances existed because of appellant's incarceration that prevented him from filing the proper address updates when he changed prisons and when he was ultimately released. Defendant maintains he was unable to comply with this requirement because, initially, he was addicted to drugs, and later he was in intensive treatment programs and was routinely moved to various state correctional institutions.

PennDOT presented an exhibit indicating that the letter was prepared by PennDOT. Appellant testified that he never received any letter from PennDOT notifying him of a driver's license suspension or a right to appeal said suspension. The Pennsylvania Supreme Court has not dealt directly with the notice issue since *PennDOT v. Warenczuk,* 534 Pa. 623, 633 A.2d 1167 (1993), when the court split 3-3 over the issue of whether PennDOT should have to prove actual notice by either certified mail or another means. No definitive decision was rendered, although three of the justices wrote an opinion in favor of requiring proof of notice to the licensee, arguing that a constitutional right, such as due process, cannot be waived by merely failing to fill out a change of address form.

Regardless, the court determines appellant has met the requirement for "extraordinary circumstances" relative to the granting of an appeal nunc pro tunc. Appellant never received notice of his driver's license suspensions until January 2008. It would be an inequity to disregard the injustice that would occur by allowing appellant to be penalized by the improper imposition of suspension when the suspension was miscalculated on the DL-21 form. Appellant is facing a license suspension of over 20 years. To deprive him of his liberty by forcing him to forego employment opportunities and to limit the time he can spend with his daughter because PennDOT miscalculated his suspension or interpreted the DL-21 forms incorrectly is unconscionable. The court cannot determine what mistakes led PennDOT to incorrectly calculate a suspension nearly three times the length appellant's license should be suspended, but this situation is clearly

an "extraordinary circumstance." Accordingly, appellant's petition for leave to file appeal nunc pro tunc is granted.

## Merits of Plaintiff's Claim

PennDOT concedes that multiple charges at each docket constitute a single offense that would be subject to a single suspension. In *Reinhart v. PennDOT,* 946 A.2d 167, 171 (Pa. Commw. 2008), the Pennsylvania Commonwealth Court held that to determine the length of a license suspension, lesser included offenses merge with greater offenses for a single license suspension. In the case at bar, possession with intent to deliver a controlled substance includes all of the elements included in possession of a controlled substance. This would result in four two-year suspensions, one for each Information, for a total suspension period of eight years.

Appellant argues the four cases should merge for suspension calculation purposes, noting that "where there is one criminal episode, regardless of whether there were multiple convictions or offenses," only one suspension is mandated. *Freundt v. PennDOT,* 584 Pa. 283, 287, 883 A.2d 503, 505 (2005). The court disagrees that this is the situation in the case at bar. The evidence submitted at the October 31, 2008 hearing established that appellant was involved in four separate criminal drug violation episodes on three separate dates. Appellant was convicted of selling controlled substances to an informant on August 1, 3, and 9, 2003. Appellant's dwelling was searched, and that search resulted in additional convictions. Even though the search occurred on the same date

as one of the transactions, the evidence at the October 31, 2008 hearing established that it was a separate criminal episode. In accordance with *Reinhart,* each of appellant's four episodes should receive a two-year suspension under 75 Pa.C.S. §1532(c).

Accordingly, the following is entered:

### ORDER

And now, December 3, 2008, the following is ordered:

(1) Appellant's petition for leave to file appeal nunc pro tunc from order of PennDOT suspending driver's license is granted.

(2) PennDOT shall consolidate the various license suspensions in this matter into four two-year suspensions and recalculate appellant's period of suspension to determine when he will be eligible for restoration of his driving privileges.